UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD O. SALAVE'A,

    Plaintiff,

v.

WASHINGTON CORRECTION CENTER RELIGIOUS PROGRAM,

    Defendant.

Case No.  C05-5704FDB

ORDER TO SHOW CAUSE

    This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure.  The case is before the Court upon the Court's review of the complaint.  After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

    A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

    To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of

ORDER
Page - 1

1 was committed by a person acting under color of state law and (ii) the conduct deprived a person of a
2 right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor,
3 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section
4 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
5 Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

6 Plaintiff also must allege facts showing how individually named defendants caused or personally
7 participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.
8 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory
9 responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58
10 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v.
11 Palches, 665 F.2d 965, 968 (9th Cir. 1982).

12 In his complaint, plaintiff alleges he was refused his religious service for two days during his time of
13 fasting for Ramadan for unknown reasons. He further stated that he was stopped by an "officer" from
14 attending his religious service, who allegedly told him his chaplain said he could not go to such service for
15 no stated reason. Plaintiff, however, has named the Washington Corrections Center Religious Program as
16 the only defendant in this case. As such, he has failed to allege facts showing how any individually named
17 defendants caused or personally participated in causing the harm alleged. In addition, plaintiff has not
18 shown the alleged conduct deprived him of any right, privilege or immunity secured by the United States
19 Constitution or federal law, as he states his denial of access to religious service occurred for "unknown"
20 reasons.

21 Due to these deficiencies, the court will not serve the complaint. Plaintiff shall file an amended
22 complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter
23 should not be dismissed by **no later than February 12, 2006**. The amended complaint must carry the
24 same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to adequately
25 address these deficiencies, the court will recommend dismissal of this action as frivolous pursuant to 28
26 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

27 Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original
28 pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v.
Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915

1  (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original
2  complaint.
3      The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended
4  complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to
5  plaintiff.
6      DATED this 12th day of January, 2006.

                          /s/ Karen L. Strombom
                          Karen L. Strombom
                          United States Magistrate Judge